PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE __EASTERN__ DISTRICT OF TEXAS
## __LUFKIN__ DIVISION

*FILED U.S. DISTRICT COURT EASTERN DISTRICT OF TEXAS MAR 17 2023 DEPUTY*

M.C. Metcalf, 2290032
Plaintiff's Name and ID Number

TDCJ-ID Polunsky Unit
Place of Confinement

CASE NO. 9:23cv53 Crone/Stetson
(Clerk will assign the number)

v.

Dr. Julye, 3872 FM 350 South, Livingston, Tx. 77351
Defendant's Name and Address

Dr. Montgomery, 3872 Fm 350 South, Livingston, Tx. 77351
Defendant's Name and Address

See Attached for Full List of Defendants
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Page One Continued: Defendant List, In Full:

1. Dr. Julye, 3872 FM 350 South, Livingston, Tx. 77351
2. Dr. Montgomery, 3872 FM 350 South, Livingston, Tx. 77351
3. Unknown Female Rover Officer, 3872 FM 350 South, Livingston, Tx. 77351
4. Unknown African Sargeant, Male, 3872 FM 350 South, Livingston, Tx. 77351
5. Female White Nurse Doe, 3872 FM 350 South, Livingston, Tx. 77351
6. Female White Nurse #2 Doe, 3872 Fm 350 South, Livingston, Tx. 77351
7. Sgt. McKinney (now Douglas), 3872 Fm 350 South, Livingston, Tx. 77351
8. Medical Practitioner Reilly, 3872 Fm 350 South, Livingston, Tx. 77351
9. Sgt. Watson, Safety Officer, 3872 FM 350 South, Livingston, Tx. 77351
10. Unknown Classification Officer, 3872 Fm 350 South, Livingston, Tx. 77351

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES _X_ NO

    B.  If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: _____

        2. Parties to previous lawsuit:

          Plaintiff(s) _____

          Defendant(s) _____

        3. Court: (If federal, name the district; if state, name the county.) _____

        4. Cause number: _____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition: _____

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: ___TDCJ-ID Polunsky Unit___

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    _X_ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: ___M.C. Metcalf, #2290032, Polunsky Unit, 3872 FM 350 South Livingston, Tx. 77351___

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: ___Dr. Julye; Polunsky Unit Medical Dept; 3872 FM 350 South Livingston, tx. 77351___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
___Misdiagnosed broken and displaced ribs as not, disdiagnosed nonexistent emphysema.___

Defendant #2: ___Dr. Montgomery; Polunsky Unit Medical Dept; 3872 FM 350 South Livingston, Tx. 77351___

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
___1 week delay in ordering x-rays___

Defendant #3: ___Unknown Female Officer Rover; Polunsky Unit, 3872 Fm 350 South Livingston, Tx. 77351___

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
___Refused to help, summoned Sargeant by telling him I refused housing when obvious that housing was incompatible with my disabilities.___

Defendant #4: ___Unknown African Male Sargeant; Polunsky Unit, 3872 Fm 350 South Livingston, Tx. 77351___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
___By threats and intimidation, forced me to change housing when obvious that housing was incompatible with my disabilities.___

Defendant #5: ___Unknown White Female Nurse; Polunsky Unit Medical Dept; 3872 FM 350 South, Livingston, Tx. 77351___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
___Did not take/refused to take x-rays. Refused to treat broken and dislaced ribs on 12-7-2020.___

Rev. 05/15

3

Page Three Continued: Section IV, PARTIES TO THIS SUIT:

6. Unknown Female White Nurse #2 Doe of Medical Dept, TDCJ Polunsky Unit, 3872 Fm 350 South, Livingston, Tx. 77351. On 12-9-2020, took wheelchair from me, told me to crawl back to my housing.
7. Sgt. McKinney (now Douglas), TDCJ Polunsky Unit, 3872 FM 350 South, Livingston, Tx. 77351. On 12-8-2020, accused me of stealing a wheelchair, tried to take the wheelchair from me until told to leave me alone by medical staff.
8. Medical Practitioner Reilly of Medical dept, Tdcj Polunsky Unit, 3872 Fm 350 South, Livingston, Tx. 77351. On or about 7-29-2020, revoked bottom bunk pass without notice or explanation, knowing I was blind and handicapped, and knowing it would force me into a top bunk, which is inaccessible to me.
9. Sgt. Watson, of Safety Dept, TDCJ Polunsky Unit, 3872 FM 350 South, Livingston Tx. 77351. Refused to respond to multiple I-60s requests for safety violations of my bunk and houising area.
10. Unknown Classification Officer, TDCJ Polunsky Unit, 3872 Fm 350 South, Livingston Tx. 77351. Officer gave approval to bunk change from bottom to top, although record clearly indicated blind and handicapped.

V.     STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Despite being blind and handicapped, the following occurred: On or about July 29th, 2020, my bottom bunk restriction was removed by Medical Practitioner Reilly, without notice or examination, knowing this change was incompatible with my disabilities. An unknown Classification officer approved the change, knowing it was incompatible with my disabilities. On 7-29-2020, un unknown female rover officer brought a sargeant when I questioned the housing/bunk change, both of them being told it was obvious I was blind and handicapped. The Sargeant intimidated and threatened me into moving, while allowing a non-blind and non-handicapped resident to change housing without repercussions when he protested and refused. The toilet overflowed, forcing me into the top bunk when cleaning supplies were refused.
Continued...

VI.     RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Bottom bunk restriction on ground floor restored permanently; no stairs restriction restored permanently; transport by handicapped van only restriction; proper treatment to include orthopedic/thoracic consultation; restore broken/displaced ribs to original position; $1,000,000 for undue delay/pain.

VII.     GENERAL BACKGROUND INFORMATION:

    A. State, in complete form, all names you have ever used or been known by including any and all aliases.

         M.C. Metcalf

    B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

         2290032

VIII.     SANCTIONS:

    A. Have you been sanctioned by any court as a result of any lawsuit you have filed?      YES   X   NO

    B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

         1. Court that imposed sanctions (if federal, give the district and division): _____

         2. Case number: _____

         3. Approximate date sanctions were imposed: _____

         4. Have the sanctions been lifted or otherwise satisfied?      YES     NO

Rev. 05/15

Statement of Claim Continued:    From Page 4

On 12-9-2020, I fell, severely bruising various parts of my body as I hit the table and stool on the way down out of the top bunk, and breaking and dislocating my ribs. See, Affidavits of Seely and Jimenez. The unknown white female Nurse #1 refused to take x-rays, stated there was nothing that could be done for my ribs. An unknown sargeant argued with that nurse when told to escort me back to my house. I had arrived in medical by gurney, strapped to a backboard with a cervical collar. The sargeant confiscated a wheelchair on his own, took me back to my house, after the nurse told him to "Just drag him back." It took another unreasonable and medically unjustifiable week to get x-rayed. Sargeant McKinney (now Douglas) attempted to physically take the wheelchair from me while I was in it, on the morning of 12-8-2020, until medical told him to desist. The evening of 12-8-2020, I was told to move again, to a bottom bunk, but on the second floor. This is obviously inaccessible by a wheelchair using stairs. I was then moved to a bottom bunk on the ground floor. On 12-9-2020, the wheelchair was taken by unknown female white nurse #2. When I complained I still needed the wheelchair, she told me to "Crawl Back." Dr Montgomery confirmed my bottom bunk pass should never have been taken, and ordered x-rays, but refused a wheelchair pass. It took another week (now a month past the injury date) to get x-rayed. On 12-15-2020, I had filed a grievance, which was never answered. Follow up I-60s were never answered. I filed another grievance, but the grievance officer conveniently answered this as being time-barred, being too late to complain about the earlier unanswered grievance. See Exhibits. On or about 12-15-2020, x-rays were taken, but the x-ray tech offered no opinion at that time. On or about 1-10-2021, Dr July diagnosed me as having emphysema as the cause of chest pain and shortness of breath due to the fall. There was NO previous diagnosis of emphysema. She stated I did not have broken ribs. When shown the indentation in my side, she ordered more x-rays, which confirmed one broken rib and two displaced ribs already healing out of place. She changed my medication from more effective Ibuprofen to much less effective lower dosage of Acetaminophen, causing additional unneeded pain to be suffered. My symptom of spitting up blood was ignored. She prescribed an ace-type wrap bandage for my now month-long broken ribs. The emphsyma was an incorrectly diagnosed contusion (bruise) on my lung. As there was no emphysema, it was later diagnosed correctly as a contusion on the lung itself. I informed Sgt Watson, the safety officer, of the hazards which endagered my life and health, but there was no reply to my I-60s. Dr Montgomery diagnosed my joint pain as arthritis, even though I had not suffered joint pain before the fall, and stated my misshapen collar bone was not an issue and is okay. There has been no attempts to fix my broken or misplaced ribs, still causing me pain and suffering and shortness of breath. These claims are brought under the Americans with Disabilities Act (ADA), Texas and Federal Tort Claims Acts, as applicable, and under the 5th, 8th, and 14th Amendments of the US Constitution for violations, and equivalent under the Texas Constitution., either singularly or cumulatively/in totality. All Defendants are sued in their individual and official capacities.

 C. Has any court ever warned or notified you that sanctions could be imposed?    ___ YES   X NO

 D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): _____

  2. Case number: _____

  3. Approximate date warning was issued: _____

Executed on: __12-4-22__
     DATE

_____
M C METCALF
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __4th__ day of __DEC__, 20 __22__.
    (Day)      (month)      (year)

_____
M C METCALF
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

5

EXHIBITS

1. Copy of unanswered Step 1 grievance
2. Original Step 1 grievance claiming time-barred from not answering first Step 1, above.
3. Affidavit of Chris Kurtz
4. Affidavit of T. Jimenez
5. Affidavit of Nicky Seely

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

Offender Name: **M.C. Metcalf**   TDCJ #: **2290032**
Unit: **Polunsky**   Housing Assignment: **4E-52B**
Unit where incident occurred: **Polunsky**

---

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? **Julye**   When? **see below**
What was their response? **Your ribs are broken (after taking 2nd correct set of x-rays)**
What action was taken? **NONE!! Since x-rays taken**

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

It has been 1½ years since I fell and broke my ribs. I still have not received treatment after x-rays showed an "inferiorly displaced fracture of the 9th rib." I am in constant and daily pain. The rib is still crooked, and I can still feel it poking me inside. Repeated I-60's have not been answered, as far back as 2-22-21, prompting the need to proceed further.

---

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

THE ISSUE WAS RAISED IN A TIMELY MANNER AND THE TEXT IS REQUIRED PURSUANT TO SUIT. EACH POINT STATED ABOVE MUST BE ADDRESSED — FAILURE TO DO SO IS TDCJ CONCEDING TO THE TRUTHFULNESS OF EACH CLAIM AND ALLEGATION INDIVIDUALLY AND/OR CUMULATIVELY. THE TDCJ IS HEREBY ON NOTICE TO RETAIN ALL VIDEO, DOCUMENTATION AND OTHER EVIDENCE FOR DISCOVERY PURPOSES. DUE TO ME BEING BLIND, THIS GRIEVANCE WAS PREPARED BY ANOTHER.

THE ABOVE AND FOREGOING IS AN EXHIBIT AND AN AFFIDAVIT, TRUE AND CORRECT UNDER PENALTY OF PERJURY.

**Action Requested to resolve your Complaint.** REPAIR MY BROKEN RIB, PUTTING IT BACK IN PLACE AND RELIEVING ME OF CONSTANT AND DAILY PAIN.

**Offender Signature:** M. C. METCALF    **Date:** 10-14-22

**Grievance Response:**




**Signature Authority:** _____    **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**OFFICE USE ONLY**
Initial Submission    UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**2nd Submission**    UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**3rd Submission**    UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

COPY

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

| | |
|---|---|
| Offender Name: M.C. METCALF | TDCJ # 2290032 |
| Unit: POLUNSKY | Housing Assignment: 4E-52B |
| Unit where incident occurred: POLUNSKY | |

**OFFICE USE ONLY**

Grievance #: _____
Date Received: _____
Date Due: _____
Grievance Code: _____
Investigator ID #: _____
Extension Date: _____
Date Retd to Offender: _____

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? JULYE    When? SEE BELOW
What was their response? YOUR RIBS ARE BROKEN (AFTER TAKING 2ND CORRECT SET OF X-RAYS)
What action was taken? NONE!! SINCE X-RAYS TAKEN.

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

IT HAS BEEN 1½ YEARS SINCE I FELL AND BROKE MY RIBS. I HAVE STILL NOT RECEIVED TREATMENT AFTER X-RAYS SHOWED AN "INFERIORLY DISPLACED FRACTURE OF THE 9TH RIB." I AM IN CONSTANT AND DAILY PAIN. THE RIB IS STILL CROOKED, AND I CAN STILL FEEL IT POKING ME INSIDE. REPEATED I-60s HAVE NOT BEEN ANSWERED, AS FAR BACK AS 2-22-21, PROMPTING THE NEED TO PROCEED FURTHER. OCT 19 2022

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

THIS GRIEVANCE IS FILED TO SATISFY THE EXHAUSTION REQUIREMENTS OF THE PLRA PURSUANT TO SUIT. EACH POINT STATED ABOVE MUST BE ADDRESSED - FAILURE TO DO SO IS TDCJ CONCEDING TO THE TRUTHFULNESS OF EACH CLAIM AND ALLEGATION INDIVIDUALLY AND/OR CUMULATIVELY. THE TDCJ IS HEREBY ON NOTICE TO RETAIN ALL VIDEO, DOCUMENTATION, AND OTHER EVIDENCE FOR DISCOVERY PURPOSES. DUE TO ME BEING BLIND, THIS GRIEVANCE WAS PREPARED BY ANOTHER.

THE ABOVE AND FOREGOING IS AN EXHIBIT AND AN AFFIDAVIT, TRUE AND CORRECT UNDER PENALTY OF PERJURY.

**Action Requested to resolve your Complaint.** REPAIR MY BROKEN RIB, PUTTING IT BACK IN PLACE AND RELIEVING ME OF CONSTANT AND DAILY PAIN.

**Offender Signature:** M.C. METCALF     **Date:** 10-14-22

**Grievance Response:**

**Signature Authority:** _____     **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☒ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** S. Losoya  S Josoya UGI II

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**
Initial Submission    UGI Initials: SL
Grievance #: 2023020541
Screening Criteria Used: #1, 699
Date Recd from Offender: OCT 17 2022
Date Returned to Offender: OCT 19 2022
**2nd Submission**    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**3rd Submission**    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F

# AFFIDAVIT

## STATEMENT OF FACTS

TO WHOM IT MAY CONCERN:

It all started on July 29th, 2020. When an inmate called "Bleeder" was brought from 11 (eleven) builiding and was placed in F-2-1-30B with Metcalf in 30 cell. At one point, "Bleeder" refused housing. So time went on until about 1930 hours (7:30 PM), a sargeant by the nickname of "OG", a kitchen sargeant from my understanding, came to me in 32B cell and said I had to move in with Metcalf in 30B, and Metcalf had to move to top bunk (30T) where "Bleeder" had refused housing. I told "O.G." that Metcalf was blind and could not even see the top bunk, let alone get up there and back down to ground level. As time went by "O.G." said that if Metcalf and I did not make the move, that we would both earn a write-up and be disciplined, and be moved to eleven building that night. The odd thing was that he did not threaten "Bleeder" to be disciplined. So Metcalf and I figured out since he could not get in the top bunk, I had to help him in and out of the top bunk. I helped him 7-29-2020 to 12-8-2020 doing so, but on 12-8-2020, during the night, he must have had to go to the bathroom. Trying to find those little steps on the wall, being legally blind he missed the step. I had just started to go to sleep when I heard him hit the edge of my bunk, and then the seat and table, and finally the floor. Not only did I hear it, so did O'Neal next door in 29T-cell. As far as I know, 31T and 31B heard it as well. I jumped up in a panic and yelled out the door to Troy to get a guard or medical here. As far as I am concerned, the sargeant "O.G." is not fit to be a man of authority. All he wants to do is show off how he can boss inmates around to make himself look good, and see what he could get done for higher up the ladder. He does not care who gets hurt or even killed. Being 71 years old and raised with Black people, the "O.G." acts like he does not like White people at all. He just wants to show authority, and he is not the only one here.

This is a typed copy of the affidavit I made shortly after the above events, and typed for clarity to the courts.
Signed this 14 day of October, 2022.

Chris Kurtz, 1968855

PEX 4

## AFFIDAVIT

I, T. Jimenez, am filing this affidavit in support of the following. To whom it may concern, this is what happened on July 29, 2020.

The officer which is our rover came into F-pod 2-section. I lived on that section at the time when this happened. The rover came in and told Mr. Metcalf that he needed to move from bottom bunk to top bunk. Now Mr. Metcalf is blind, he cannot see. And staff knows this. But the Nigerian sargeant came and told him he needed to move to the top bunk ASAP because someone else was coming to move in to the bottom bunk. Mr. Metcalf told them he was not supposed to be up there because of his medical problems with his eyes, which is obvious to anyone who looks at him. The sargeant screamed at Mr. Metcalf, telling him that if he did not move, he would be locked up and that Mr. Metcalf did not have any other choice but to move up to the top bunk. While he was in 30 cell, he did not want to take a chance, so he would sleep on the floor with his mattress. After a few days of him sleeping on the floor, the toilet overflowed. He had no choice but to move up to the top bunk because of feces on the floor. Our cells have two small projections (4 inches wide, only the width of a shoe), or you can step on the table to get up in the cell (also unsanitary). Being obviously blind, neither would work or be safe. During the night Mr. Metcalf woke up needing to use the restroom. Being a blind man on the top bunk, he missed the edge and fell off the top bunk, striking the table and stool, then the floor headfirst. I was surprised it did not kill him. He broke some ribs because of this, you could see the pushed in spot on the side of his chest, and messed up his collarbone. I called an officer and told him the old blind man was on the floor in bad pain because he fell. They tried to make him get up, but he was telling them he was in pain. They continued to try to make him get up, then finally called medical. Medical came to his cell, and took him to medical. Now all this could have been avoided if the officer that night had been doing his job right (on 7-29-2020); the sargeant as well.

I swear the above and following is true and correct under penalty of perjury. Signed this, the 3 day of Feb, 2022.

T. Jimenez

3872 FM 350 South
Livingston, Tx. 77351

PEX 5

## AFFIDAVIT

Comes now, Nicky Seely, to swear to the following:

On 7-29-2020, the rover officer told Metcalf in F-30 cell that he was moving from bottom bunk to the top bunk. Metcalf said, "I cannot see to get up there." He is legally blind. So the rover went and told the sargeant on duty that Metcalf would not move to the top bunk. Then the sargeant told me and Chris if they did not move, they would get a case and go to 11 building (a disciplinary building). Another inmate refused to move into 30 bottom bunk, so they moved him to 32 bottom bunk, and moved 32 to 30 bottom bunk. So Metcalf slept on the floor, until the toilet overflowed. This forced Metcalf to get on the top bunk, so Chris would help Metcalf up and down. Staff refused to supply any cleaning or disinfecting supplies to clean the floor from all the human waste.

On 12-7-2020, Metcalf fell out of the top bunk, so medical had to be called. They took Metcalf to medical. Metcalf was brought back in a wheelchair because he could not walk due to obviously broken ribs and other apparent injuries. You could see the indented ribs in his chest and overall bruising over much of his body.

I swear the above and following is true and correct under penalty of perjury.
Signed this, the 3 day of Feb., 2021.

Nicky Seely

3872 Fm 350 South
Livingston, Tx. 77351

